## PIONEER TRUST COMPANY *v.* STATE TAX COMMISSION

Bernard F. Bednarz, Salem, Oregon, represented the plaintiff.

Walter J. Apley, Assistant Attorney General, Salem, Oregon, represented the defendant.

Decision for plaintiff rendered July 5, 1967.

EDWARD H. HOWELL, Judge.

This case is submitted for decision on a decisive demurrer.

Plaintiff is the executor of the estate of Bessie F. Zobel who died in 1965. In 1964 Mrs. Zobel sold property which she had acquired as the survivor of a tenancy by the entirety. Prior to her death Mrs. Zobel filed her personal income tax return for the year 1964 with the State Tax Commission. After Mrs. Zobel's death plaintiff filed an amended 1964 personal income tax return on behalf of her estate. Plaintiff claimed a refund in said amended return on the ground that real

property held by a husband and wife as tenants by the entirety acquires a new basis on the death of one of the tenants. Plaintiff claimed as a basis in one-half of the property the fair market value of the property as of the date of Mrs. Zobel's husband's death. The State Tax Commission has denied the refund claim on the ground that Mrs. Zobel, as the surviving tenant by the entirety, had claimed and obtained a homestead deduction for the property in computing the inheritance tax due on her husband's estate.

The State Tax Commission argues that in order for one-half of the property in question to acquire a date of death fair market value basis under ORS 316.266(6) it must meet the requirements of ORS 316.258. One of the requirements of ORS 316.258 is that the property must be "included in the list of property, transfers and interests subject to [inheritance] tax pursuant to ORS chapter 316 * * *." Finally, the commission contends that since a homestead deduction was taken for the property in computing the inheritance tax it was not "subject to tax" and therefore a date of death basis is unavailable.

ORS 118.010 sets forth a definition of the property which is "subject" to tax under ORS chapter 118. It provides, "All property * * * within the jurisdiction of the state * * * which passes or vests by dower, curtesy, *survivorship,* will or by statutes of inheritance of this, or any other state, * * * is *subject* to tax at the rate specified in ORS 118.100 * * *." (Emphasis supplied.) It is clear and admitted for purposes of the demurrer that the property in question falls within said definition. In ascertaining the net value of estates for the purpose of computing inheritance tax, ORS 118.070 specifically allows

certain deductions from the gross value of the taxable estate. Among these deductions is one for the value of decedent's taxable interest in his homestead. ORS 118.070(1)(g). However, the fact that a deduction is allowed for a homestead does not mean that the property involved is any the less subject to tax for under ORS 118.010 it remains property "subject" to tax. Moreover, if the deduction for homesteads could prevent the establishment of a date of death basis then deductions under ORS 118.070 for claims against the estate, such as mortgages, funeral expenses and other deductible expenses could give rise to the same result.

The defendant's demurrer is overruled.